IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:14CR80

ANTONIO JOHNSON

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on August 11, 2017, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Antonio Johnson. United States v. Johnson, No. 3:14CR80, 2017 WL 3470926, at *1-14 (E.D. Va. Aug. 11, 2017.) On December 22, 2017, the United States Court of Appeals dismissed Johnson's appeal. United States v. Johnson, 707 F. App'x 146, 146 (4th Cir. Dec. 22, 2017).

On May 21, 2018, the Court received from Johnson a MOTION TO REOPEN § 2255 PROCEEDING PURSUANT TO RULE 60(a)(b) OF THE FEDERAL RULES OF CIVIL PROCEDURES AND/OR MOTION FRO RELIEF FROM JUDGMENT AND CORRECTION OF ERROR IN JUDGMENT UNDER 60(a)(b) OF THE FEDERAL RULES OF CIVIL PROCEDURES. ("Rule 60(b) Motion, ECF No. 88.)[1] In his Rule 60(b) Motion,[2] Johnson contends that the

---

[1] As a preliminary matter, Johnson first vaguely suggests that he is entitled to relief under Rule 60(a) because the Court must correct a clerical error. (Rule 60(b) Mot. 1-2.) Under Federal Rule of Civil Procedure 60(a):

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own,

Court should vacate the denial of his § 2255 Motion under sections 60(b)(1), (4), and (6). Essentially, Johnson contends that the Court erred by crediting counsel's sworn statements in determining that his claims lack merit. Johnson also believes that the "Court should have held an evidentiary hearing to resolve disputed facts and claims." (Rule 60(b) Mot. 4.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense [or claim], a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v.

---

with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Johnson does not identify a clerical error in the Court's dismissal of his § 2255 Motion. Rather, as discussed in conjunction with his Rule 60(b) Motion, Johnson is simply dissatisfied with the result.

[2] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    . . .
>    (3) the judgment is void;
>    . . .
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

2

State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207). Johnson seeks relief under Rule 60(b)(1), (4), and (6), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the April 23, 2003 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1)( "A motion under Rule 60(b) must be made within a reasonable time- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Johnson's Rule 60(b) Motion, filed more than nine months after the entry of the challenged judgment was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir.1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir.1967))). Johnson fails to offer any persuasive argument as to why this Court should find that his Rule 60(b) Motion was filed within a reasonable time. Cf.

3

*Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional).

Johnson also fails to demonstrate that he has a meritorious claim or that that exceptional circumstances warrants review of the Court's dismissal of his § 2255 Motion or that he has a meritorious claim. Johnson argues that the Court erred in its dismissal of his Claims Two, Four, and Five. With respect to Claim Two, the Court credited counsel's lengthy and detailed sworn statement that she never conclusively advised Johnson that he was career offender. Johnson contends that counsel's statement was false, and that the Court crediting counsel was an error because Johnson submitted a counter-affidavit with his § 2255 Motion indicating that counsel indeed told him he would qualify as a career offender. (Rule 60(b) Mot. 7-8; see ECF No. 69-1, at 2.) Johnson quotes what he purportedly swore to under penalty of perjury in this counter-affidavit without a citation, and a review of Johnson's prior submissions fails to reveal an affidavit with this purported sworn testimony.[3] Even

---

[3] The affidavit to which Johnson refers here and in conjunction with Claim Two of his § 2255 Motion, stated: "[D]uring conservultations [sic] with my attorney Mrs. Nia Vidal, she advised me that because I would be deemed a career offender under [§] 4B1.1 for my drug offense under count one, that she would persuade the United States Attorney['s] Office to take that plea off the table, in favor of a plea for Count Two,

if Johnson had provided sworn testimony that counsel told him that he would qualify as a career offender that would not change the Court's determination that Claim Two lacked merit. Johnson's alleged conclusory statement would be dispositively outweighed by counsel's detailed and unequivocal affidavit. Thus, Johnson fails to demonstrate any exceptional circumstances or that he has a meritorious claim.

With respect to Claim Four and Five, Johnson faults the Court crediting counsel's specific, detailed, and unequivocal affidavits instead of his sparse, self-serving, and conclusory affidavits. (Rule 60(b) Mot. 14-15; 18-19.) Johnson simply disagrees with the Court's conclusion that his claims lack merit. Johnson again identifies no exceptional circumstances, or a meritorious defense, and fails to make a threshold showing for a Rule 60(b) motion.

Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004)). As discussed above, Johnson fails to demonstrate that extraordinary circumstances warrants review of the Court's dismissal of his § 2255 Motion. Accordingly, the Rule 60(b)

---

possession of a firearm by a convicted felon." (§ 2255 Mot. Ex. A, ECF No. 69-1, at 2.)

5

Motion (ECF No. 88) will be denied.[4] A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Johnson and counsel for the United States.

It is so ORDERED.

Date: September 24, 2018
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

---

[4] The Court recognizes that Johnson's Rule 60(b) Motion could be read as a veiled attack on his underlying conviction and sentence, and thus, could potentially be construed an unauthorized and successive § 2255 motion. However, because Johnson frames his challenges as errors made by the Court in its Memorandum Opinion and Order dismissing his § 2255 Motion, the Court reviews the motion under Rule 60(b).